NOR-036393

UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

IFAE INTERNATIONAL FINE ARTS
EXPOSITIONS, INC., f/k/a LESTER
EXPOSITIONS, INC.,

    Plaintiff,

vs.

DAVID MORRIS INTERNATIONAL
and NORWICH UNION INSURANCE
LIMITED,

    Defendants.
_____/

CASE NO. 03-14309-CIV-GRAHAM
Magistrate Lynch

## MOTION TO COMPEL BETTER RESPONSES TO
## DEFENDANTS' REQUEST FOR PRODUCTION TO PLAINTIFF

The Defendants move to compel better responses to Request for Production to Plaintiff pursuant to the Fed.R.Civ.P. Rule 34 and 37, and in support of this motion state as follows:

1. On May 28, 2004, the Defendants filed their Request for Production pursuant to the Federal Rules of Civil Procedure.

2. On July 1, 2004, Plaintiff filed Plaintiff's Response to Request for Production, to which each of the nineteen (19) responses to the Request for Production stated, "[a]ll documents responsive to this request, which are not protected by attorney/client and/or work product privilege, and are in the possession custody, or control of IFAE will be produced at the undersigned's office at a mutually convenient date and time."

3. Counsel for the Plaintiff and Defendants agreed that rather than meeting at Plaintiff's counsel's office, the responsive documents would be mailed.

4. On July 27, 2004, Plaintiff filed it's Supplemental Response to Request for

Production, to which the undersigned seeks more complete and thorough responses to the May 28, 2004 Request for Production.

5. Pursuant to Rule 37(a)(3) of the Federal Rules of Civil Procedure, "...an evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond."

6. Additionally, Rule 37(a)(2)(B) states,

> "...if a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for an order compelling an answer, or a designation, or an order compelling inspection in accordance with the request. The motion must include a certification that the movant in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action."

7. Specifically, in paragraph number 6, Defendants requested "[a]ny contracts between IFAE and various other exhibitors for the sole purpose of determining the continuity of the language in IFAE's contracts with other Lessees at the FAIR...", to which Plaintiff responded, "[n]one in possession of this Defendant at this time." Aside from the apparent underlined typographical error, Plaintiff did not raise an objection to the response and has the ability to obtain the information relative to the request. In its response of "at this time", it is not clear as to whether Plaintiff has access to the items, but has not obtained them yet or whether Plaintiff tried to obtain them and they are no longer available.

8. Paragraph number 7 seeks "[a] true and correct copy of the executed contract entered into between IFAE and METRIPOL SECURITY, INC. for security services rendered at the FAIR." The Plaintiff has responded that the requested information is

attached; however, no contract between the aforementioned entities is attached. The only documents attached are (1) the contract between Plaintiff and Defendants; (2) the Exhibit Manual; and a Certificate of Insurance issued for the '01 Palm Beach FAIR by Heath Lambert Group.

9.  As to paragraphs 9 and 10 of the Request for Production, Defendants seek "[a]ny and all documentation, drawings, diagrams, maps photographs of videos indicating the layout of the FAIR and the actual exhibit or plot number of the Defendant, DMI, as well as the location of said exhibit or plot number AND ...the number of security cameras at the FAIR, as well as the location and layout of the security cameras relative to DMI's exhibit or plot." Plaintiff also responded that the material was attached. The Exhibit Manual and other two documents are not responsive to this question, thus there are no documents attached and indicated in the Supplemental Response to Request for Production.

10. Paragraph 12 requests, "[a]ny and all documentation indicating the protocol or requirements security personnel for METRIPOL were to follow in providing security to Exhibitors or Lessees at the FAIR." Again, Plaintiff states the documents are attached. The Security provision enclosed in the Exhibit Manual is vague at best and non-responsive to this request. Plaintiff has failed to identify whether this is the document provided responsive to Defendants' request. Paragraph 13 requests "[a]ny and all documents from IFAE to DMI containing warnings or recommendations to use private security personnel". Plaintiff has failed to identify which documents are responsive, aside from its assertion that the requested information is attached.

11. Paragraph 15 requests, "[c]opies of all policies of insurance which cover or may cover IFAE for the loss in the subject occurrence." The Plaintiff provided a one page

Certificate of Insurance through Heath Lambert Group, the rest of the policy is not enclosed, nor are there other policies, if any.

12. Counsel for the Defendants has made numerous efforts to obtain the information requested on May 28, 2004 and counsel for the Plaintiff was contacted on August 17, 2004 to discuss these matters. Therefore, the undersigned certifies that a "good faith" effort to resolve these issues without Court intervention was made.

WHEREFORE, the Defendants move for the entry of an Order compelling the Plaintiff to provide more complete and thorough responses to the above-stated discovery request.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. Mail on August 30, 2004 to: **Rodney Janis, Esquire**, Adams, Coogler, Watson, Merkel, Barry & Kellner, P.A., Attorneys for Plaintiff, P.O. Box 2069, West Palm Beach, FL 33402-2069 and **Mitchell L. Lundeen, Esquire**, Attorneys for David Morris International, George, Hartz, Lundeen & Fulmer, 4800 LeJuene Road, Coral Gables, FL 33146.

BAZINSKY & KORMAN, P.A.
Attorneys for Defendants
7901 SW 6th Court, Suite 450
Plantation, FL 33324

By: _____
MICHAEL W. BAKER
Florida Bar No. 557943